**GLOBE INDEMNITY COMPANY,**
Plaintiff,

v.

**Antone TEIXEIRA et al., Defendants.**
**Civ. No. 2052.**

United States District Court
D. Hawaii.
June 28, 1963.

See also D.C., 230 F.Supp. 451.

Robertson, Castle & Anthony, Honolulu, Hawaii, for Globe Indemnity Co.

Ambrose J. Rosehill, Honolulu, Hawaii, for Antone Teixeira et al.

Joseph L. Dwight, Jr., Honolulu, Hawaii, for Violet Mae Lopes et al.

Edwin H. Honda, Honolulu, Hawaii, for Dennis Okudara et al.

Louis B. Blissard, Honolulu, Hawaii, for James M. Dunn et al.

William Kim, Honolulu, Hawaii, for Edward and Pauline Featheran.

TAVARES, District Judge.

In its complaint in this action, plaintiff alleges that it is a corporation organized and existing pursuant to the laws of the State of New York and that its principal place of business is in a state other than the State of Hawaii; that the defendants named in representative capacities have such representative capacities and that all defendants are citizens of the State of Hawaii. Plaintiff further alleges that on January 5, 1961, effective for one year, it issued to defendant, Antone Teixeira, a "Family Automobile Combination Policy;" that on or about June 28, 1961, one William J. Silva left his Chevrolet Corvair automobile with defendants, Antone Teixeira and Mabel Jane Teixeira, husband and wife, for their regular use; that on November 3, 1961, without the express or implied permission of the owner, defendant, Glen A. Teixeira, the minor son of defendant, Mabel Jane Teixeira, and the step-son of defendant, Antone Teixeira, drove said Chevrolet Corvair automobile in this District; that defendant, Dennis Okudara, the minor son of defendants, James Okudara and Elsie Okudara, defendant, Violet Mae Lopes, the minor daughter of defendants, John Lopes and Mary B. Lopes, and Jonnie M. Dunn were passengers in the automobile; that defendant, Edward Featheran, or defendant, Pauline Featheran, or both of them, were chasing said automobile in an automobile being driven by one of them and caused defendant, Glen A. Teixeira, to drive the Chevrolet Corvair automobile into a pole, causing injuries to defendants, Glen A. Teixeira, Dennis Okudara and Violet Mae Lopes and injuries resulting in the death of Jonnie M. Dunn; that defendant, James M. Dunn, individually and in his representative capacity, and defendant, Christabel M. Dunn, have filed an action in the Cir-

cuit Court of the State of Hawaii against defendants, Mabel Jane Teixeira and Glen A. Teixeira, for damages in the sum of $150,000.00 for "negligently causing the injuries to and death of Jonnie M. Dunn in said accident;" that defendants, Antone Teixeira, Mabel Jane Teixeira and Glen A. Teixeira, have tendered the defense of said action to plaintiff, claiming that said policy requires plaintiff to defend said action and pay all expenses of such defense and "any liability resulting from said accident up to the maximum limits of the policy;" that plaintiff has denied and denies any obligation to any defendant under the policy, has declined and declines to defend said action; and that the other defendants are potential claimants against plaintiff on the policy. Plaintiff seeks a declaratory judgment, pursuant to 28 United States Code, Section 2201, that, because the policy excludes the driving of a non-owned automobile without the permission of the owner, it is not obligated to any defendant in any respect on the policy.

Defendants, Lopes's,[1] and defendants, Dunn's, have filed answers to the complaint in which they admit, and defendants, Teixeira's and Okudara's, have filed answers to the complaint in which they deny, on the ground that they are without knowledge or information sufficient to form a belief as to the truth of the allegation, the allegation that all defendants are citizens of the State of Hawaii. Neither the Teixeira's nor the Okudara's directly deny the allegation that they are citizens of the State of Hawaii. Defaults have been entered on the complaint against the Featheran's.

Defendants, Lopes's, have filed a counterclaim against plaintiff, alleging that the counterclaim arises out of the transaction set forth in the complaint, incorporating, by their admissions in their answer, the allegations of the complaint relating to the insurance policy issued by plaintiff to Antone Teixeira and seeking, upon facts alleged, damages against plain-

---

1. When parties are referred to as groups, those in representative capacities are included in such representative capacities.

tiff on the policy in the sum of $75,000.00 for injuries to defendant, Violet Mae Lopes, in said accident and for incidental damages resulting therefrom.

Defendants, Dunn's have filed a counterclaim against plaintiff, adopting the allegations of the complaint to the effect that plaintiff is a corporation organized and existing pursuant to the laws of the State of New York, that its principal place of business is in a state other than the State of Hawaii, that the defendants named in representative capacities have such representative capacities and that all defendants are citizens of the State of Hawaii and the allegations of the complaint relating to the insurance policy issued by plaintiff to Antone Teixeira and seeking, upon facts alleged, damages against plaintiff on the policy in the sum of $140,000.00 for injuries to and the death of Jonnie M. Dunn in said accident.

Plaintiff has moved for summary judgment in its favor on the counterclaims on the ground that it "is entitled thereto as a matter of law." Plaintiff has also moved to dismiss the counterclaims on the grounds that they fail to state claims upon which relief can be granted, that this Court does not have jurisdiction over the subject matter thereof and that the insurance policy involved prohibits the joinder of plaintiff in any action against the insured to determine the insured's liability.[2] Plaintiff has attached to its motions an affidavit to the effect that the policy contains the following provisions:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability, nor shall the company be impleaded by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder.",

and that there has been no judgment against the insured or agreement as so provided therein. This affidavit is not contradicted.

There are no allegations in the counterclaims endeavoring to refute plaintiff's contention that the facts alleged in the affidavit mentioned prevent such action against plaintiff in this case.

Defendant's, Lopes's, have filed a cross-claim against defendants, Teixeira's alleging that the cross-claim arises out of the same transaction set forth in the complaint, incorporating, by their admissions in their answer, the allegations of the complaint relating to the insurance policy issued by plaintiff to Antone Teixeira and seeking, upon facts alleged, damages against said defendants in the sum of $75,000.00 for injuries to defendant, Vio-

2. This Court has appointed John Lopes as Guardian ad Litem for Valerie Mae Lopes, a minor. John Lopes is named as Guardian ad Litem for Violet Mae Lopes in the heading of this case. In their answer and counterclaim, defendants, Lopes's, name John Lopes as Guardian ad Litem for Valerie Mae Lopes but name her individually as Violet Mae Lopes. In its motion for summary judgment on the counterclaims and in its motion to dismiss the counterclaims, plaintiff has named Valerie Mae Lopes and has not named John Lopes as Guardian ad Litem. The name of said minor will be corrected at a later time. The Court will consider that John Lopes as Guardian ad Litem is included in the motions.

let Mae Lopes, in said accident and for incidental damages resulting therefrom.

Defendants, Dunn's, have filed a cross-claim against defendants, Glen A. Teixeira, Mabel Jane Teixeira, individually and in her representative capacity, and Edward Featheran, alleging that defendant, James M. Dunn, is the temporary administrator of the estate of Jonnie M. Dunn, deceased, by virtue of his appointment as such by the Circuit Court of the First Circuit, State of Hawaii, and seeking, upon facts alleged, damages against said defendants in the sum of $150,000.00 for injuries to and the death of Jonnie M. Dunn in said accident and incidental damages resulting therefrom.

Plaintiff has moved to dismiss the cross-claims on the grounds that they fail to state claims upon which relief can be granted, that this Court does not have jurisdiction over the subject matter thereof and that the insurance policy involved prohibits the joinder of plaintiff in any action against the insured to determine the insured's liability. Plaintiff has made the affidavit hereinabove mentioned applicable to the motion to dismiss.

Defendants, Teixeira's, have moved to dismiss the cross-claims of defendants, Lopes's and Dunn's, on the grounds that they fail to state claims upon which relief can be granted and that this Court does not have jurisdiction over the subject matter thereof.[3]

Defendant, Edward Featheran, has not appeared in response to the cross-claim, although he has been served therewith.

There are no allegations in the cross-claims, and it is not contended, that there is diversity of citizenship between the cross-claimants and the cross-defendants.

 There being diversity of citizenship between plaintiff and defendants and the amount involved being in excess of $10,000.00, exclusive of interest and costs, this Court has jurisdiction of the action for declaratory relief under 28 United States Code, Section 2201.

Federal Rules of Civil Procedure, Rule 13(a), provides:

> *"Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

Federal Rules of Civil Procedure, Rule 13(b), provides:

> *"Permissive Counterclaims.* A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

 The subject matter of the complaint herein is the liability or non-liability of plaintiff on the insurance policy. The subject matter of the counterclaims is the negligence or non-negligence of defendant, Glen A. Teixeira. As is said in Borchard, Declaratory Judgments, 2nd Edition, at page 652:

> "The liability under the policy and the liability for negligence are indeed two separate transactions."

Therefore, the counterclaims are permissive, not compulsory.[4]

---

3. Defendants, Teixeira's, have not named John Lopes as guardian ad litem in their motion to dismiss and, in said motion, they have named Christabel M. Dunn as "temporary administrator of the Estate of Jonnie M. Dunn, Deceased," whereas the Dunn's have admitted the allegation in the complaint that James M. Dunn is temporary administrator of said Estate.

4. The Dunn counterclaim is permissive rather than compulsory for another reason. The complaint alleges, and the Dunn answer admits, that at the time the within action was commenced an action on the claim was pending in the Courts of the State of Hawaii.

■ Plaintiff contends that the provisions of the policy set out in the affidavit mentioned forbid the counterclaims. Counterclaimants reply that, by instituting this action, plaintiff has waived those provisions of the policy. The Court is of the view that plaintiff did not waive those provisions of the policy by instituting this action.

28 United States Code, Section 1332 (a), gives a plaintiff the right to come into the Federal Courts if there is diversity of citizenship and if the amount involved is over a certain amount. In this case plaintiff is seeking only an adjudication that it is not liable on the policy on alleged facts having nothing to do with the accident itself. A judgment holding that it is or is not liable on the policy cannot affect any claim any defendant has against any other defendant other than perhaps its collectibility. To hold that the institution of such an action results in such a waiver would prevent the insurance company from exercising its right in a diversity case to come into the Federal Courts unless it waived a purposeful and what, in its opinion at least, is a valuable contract provision in its favor. Undoubtedly the reason for such provisions in such insurance policies is to keep the jury trying the accident case from knowing that the defendant is insured, it being assumed, whether correctly or incorrectly, that larger amounts of damages would be awarded if it were known that they were to be paid by an insurance company.

Furthermore, unless otherwise provided by statute or the policy, a person having an alleged claim against an insured cannot bring an action directly against the insured's insurer on the claim.[5] There is no statute of Hawaii permitting such direct action against the insurer. The entire policy involved in this action is not in evidence but obviously there is no such provision in it.

The Court is of the view that, in light of the provisions of the policy set out in the affidavit, the commencement of this action is not the equivalent of a statute or a provision in the policy permitting direct action against the company.

Accordingly, the Court holds that the counterclaims cannot be brought.

■■ No party to this action contends that plaintiff cannot move to dismiss the cross-claims. Even if it be assumed that plaintiff cannot raise the question as to whether a cross-claim states facts upon which relief can be granted, the Court may notice the question on its own motion.[6] Lack of jurisdiction may be suggested by any party or by the Court itself.[7]

As to the cross-claims, Federal Rules of Civil Procedure, Rule 13(g), provides:

> "*Cross-Claim Against Co-Party.* A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. * * *"

The subject matter of the original action in this case is the liability or nonliability of plaintiff on the insurance policy. The cross-claims are for damages resulting from the accident alleged. Thus, the claims in the cross-claims did not arise out of the transaction or occurrence that is the subject matter of the original action and do not relate to any property that is the subject matter of the original action. The claims in the cross-claims did, however, arise out of the transaction or occurrence that is the subject matter of the counterclaims filed herein. There being no claims or allegations of diversity of citizenship or other independent ground of jurisdiction of

---

5. 46 C.J.S. Insurance, § 1191, page 107.

6. See Gutensohn v. Kansas City Southern Ry. Co. (1944), 8th Cir., 140 F.2d 950.

7. Rules of Civil Procedure, Rule 12 (h).

this Court over the cross-claims, the only basis on which they may be maintained in this Court is that they arose out of the transaction or occurrence that is the subject matter of the counterclaims.

The Court has held, supra, that the counterclaims cannot be brought. The counterclaims no longer being in the case, the cross-claims, jurisdiction over which is based on their arising out of the transaction or occurrence that is the subject matter of the counterclaims, cannot be maintained, the Court no longer having jurisdiction over them. This Court is of the opinion that, although the general rule is that jurisdiction, once having attached, will not be divested by subsequent events, that rule should not apply in this case. As was said in Hoosier Cas. Co. of Indianapolis, Ind. v. Fox (1952), D.C.Iowa, 102 F.Supp. 214, at page 225, referring to the Declaratory Judgments Act:

> "It has been frequently stated that the Act should not be used to drag into the federal courts the litigation of claims between citizens of the same states." Citing cases.

For example, there is a line of cases involving the removal of cases to the Federal Courts from State Courts holding that, after removal, the plaintiff may amend his complaint resulting in the destruction of jurisdiction.[8] Pacific Gas & Electric Co. v. Fibreboard Products, Inc. (1953), D.C., Cal., 116 F.Supp. 377, holds to the contrary, on the authority of Saint Paul Mercury Indemnity Co. v. Red Cab Company (1938), 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. However, the District Court in that case states that the Supreme Court indicated that that can be done if there is no prejudice to the defendants. There is more reason in the case at bar that the general rule as to divesting of jurisdiction by subsequent events should not apply because the subsequent event in this case is a ruling by the Court resulting in the counterclaim's no longer being in the action. Further-

more, such destruction of jurisdiction does not result in any prejudice to any of the defendants. The only issue brought into this Court by the plaintiff is its liability or non-liability on the policy. The defendants were brought into this Court for the purpose of litigating that issue. None of them is prejudiced by being prevented from litigating in this Court issues brought in by them which are entirely different from the original issue and which they orginally could not have brought into this Court. This is not a situation where, as it was in the Pacific Gas & Electric Co. and the Saint Paul Mercury Indemnity Co. cases, any supposed rights of defendants are "subject to the plaintiff's caprice."

Counsel have cited the following decisions: Collier v. Harvey (1949), 10th Cir., 179 F.2d 664, Hoosier Cas. Co. of Indianapolis, Ind. v. Fox (1952), D.C., Iowa, 102 F.Supp. 214, United States Fidelity & Guaranty Co. v. Janich (1943), D.C., Cal., 3 F.R.D. 16, and Allstate Insurance Company v. Smith (1959), D.C., Mich., 169 F.Supp. 374.

In Collier v. Harvey the Court held that the issues of fact necessary to determine the legal questions in both the original action and in the cross-claim were identical. In the case at bar, the issues in the original action are completely different from the issues in the counterclaims and the cross-claims.

The Court in Hoosier Cas. Co. of Indianapolis, Ind. v. Fox has reached the same conclusion as this Court has reached as to the counterclaims and the cross-claims. However, in that case the Court held that there was a state policy, based upon a statute and the Rules of Civil Procedure, interpreted as being substantive law, which is not the case in this action, that an injured person cannot join the insurer of the alleged tort-feasor in an action against the latter and that he cannot maintain a direct action against the insurer until he has secured a judgment against the alleged tort-feasor and

---

8. Pacific Gas & Electric Co. v. Fibreboard Products, Inc. (1953), D.C., Cal., 116 F.Supp. 377, 380.

execution has been returned unsatisfied. The Court held that the injured defendants could not counterclaim against the insurer.

In United States Fidelity & Guaranty Co. v. Janich the question involved in the original complaint for declaratory relief was whether assault and battery came within the liability of the insurer on the policy. Plaintiff was joined by a defendant in his cross-claim against the other defendants in which he sought damages for assault and battery allegedly inflicted upon him by one of the cross-defendants other than plaintiff. Cross-complainant alleged that the policy covered assault and battery. This was a counterclaim as against plaintiff.

The alleged assault and battery was a subject matter different from the question as to whether assault and battery was covered by the policy. The question was raised by the original complaint and the allegation as to it in the counterclaim and cross-complaint added nothing to the pleadings. Therefore, the counterclaim in that case was permissive rather than compulsory. With all respect to the Court which rendered that decision, this Court cannot agree with its ruling that in bringing the action the insurer waived the provisions in that policy which were similar to such provisions in the policy in this case.

In Allstate Insurance Company v. Smith the counterclaim was permissive. Also with all respect to the Court which rendered that decision and to Professor Moore whose statement,

> "But the policy underlying this principle has no relevance where the injured party is made co-defendant with the insured in an action *instituted by the insurance company*. Since the insurance company has *initiated* the action, the indemnity nature of its relationship with the insured cannot be hidden from the

trier of the facts, and it has itself seen fit to reveal the relationship."

is quoted and relied upon by that Court, this Court believes that the reasoning hereinabove set out as to waiver and non-waiver is the more sound and that the underlying policy mentioned cannot override the rules hereinabove set forth.

Federal Rules of Civil Procedure, Rule 12(b), provides as follows:

> " * * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Plaintiff has moved for summary judgment on the counterclaims. It has also moved to dismiss the counterclaims on the ground, among others, that they fail to state claims upon which relief can be granted. Matters outside the pleadings, facts set out in the affidavit, have been considered by the Court as to the counterclaims. Plaintiff and certain cross-defendants have moved to dismiss the cross-claims on the same ground, among others. The facts set out in the affidavit have not been considered by the Court as to the cross-claims.

Therefore, for the reasons hereinabove set out, and treating plaintiff's motion to dismiss the counterclaims as a motion for summary judgment on the counterclaims, as well as ruling on its motion for summary judgment thereon, summary judgment is hereby rendered in favor of plaintiff on the counterclaims and the cross-claims are hereby dismissed as to all cross-defendants,[9] without costs to any party.

---

9. This includes cross-defendant, Edward Featheran, although he has not appeared as to the cross-claim against him.