**Antonio A. OQUENDO and Hilda Oquendo, Plaintiffs,**

v.

**MONSANTO COMPANY and Donald L. Sloan, Defendants.**

**MONSANTO COMPANY and Liberty Mutual Insurance Company, Cross-Plaintiffs Cross-Defendants,**

v.

**Donald L. SLOAN, Cross-Defendant Cross-Plaintiff.**

No. 70 C 632.

United States District Court, N. D. Illinois.

March 20, 1973.

James N. Vail, Chicago, Ill., for plaintiffs.

Kendal A. Crooks and John W. Gilligan, Crooks & Gilligan, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This decision comes after careful examination of the cross-claims raised by the above named co-defendants.*

The original complaint alleging federal jurisdiction over a personal injury claim was settled before any cross-claim was filed by the cross-complainants. More specifically, on September 15, 1972 pursuant to an agreement for settlement, a juror was withdrawn from the trial of the complaint in the instant action. At that time the cause was continued to October 17, 1972 for the entry of a judgment order pursuant to the settlement.

On October 10, 1972 after the parties to the original complaint had agreed to settle the matter, defendant Monsanto Co. ("Monsanto") and Liberty Mutual Insurance Co. ("Liberty") filed a cross-claim against their co-defendant Donald L. Sloan. Monsanto and Liberty in their cross-claim sought a declaration by this Court that there had been a breach of the insurance contract in question by the defendant Sloan and that the cross-claimants were not liable to defendant Sloan for his legal expenses and costs.

On December 26, 1972 defendant Donald L. Sloan filed a cross-claim against Liberty. Count I of this cross-claim seeks attorneys fees in the amount of $5,000 based on the alleged misrepresentation of Liberty to Sloan that he was not fully insured and was obliged to engage counsel for his defense in the principal action. Sloan, in Count II alleged that the denial of coverage by Liberty was vexatious and without reasonable cause in violation of the Illinois Insurance Act, ch. 73 § 767 of the Ill.Rev. Stat. As to the cause of action alleged in Count II, Sloan seeks damages in the amount of $1,000 for reasonable attorneys fees. In Count III, Sloan alleged that Liberty's conduct was "unwarranted, unconscionable and outrageous, and calculated to cause or was in reckless disregard of the probability of causing great anguish and severe distress of the mental tranquility of Donald L. Sloan. Based on these allegations, Sloan seeks damages in the amount of $100,000.

It is the opinion of this Court that these cross-claims are not proper pursuant to Rule 13 of the Federal Rules of Civil Procedure since they were filed subsequent to an agreement of parties to settle the original complaint. Further, the co-defendants in their cross-claims fail to allege any basis for federal jurisdiction. The cross-claims deal with the interpretation of an insurance contract and Illinois state statutes. Such cross-claims are not within the peculiar jurisdiction of a federal district court and by themselves cannot invoke this Court's jurisdiction. Danner v. Anskis, 256 F.2d 123 (3rd Cir. 1958). In addition, the cross-claims in question do not deal with transactions, occurrences, or factual or legal issues identical to those of the original complaint. It is well settled that such cross-claims are not permissible even when raised before the disposition of the original complaint. Collier v. Harvey, 179 F.2d 664 (10th Cir. 1949); Fireman's Fund Insurance Co. v. Trobaugh, 52 F.R.D. 31 (W.D.Okl.

---

* The Co-defendants mistakenly termed their claims against each other as counter-claims rather than cross-claims. Pursuant to Rule 13, counter-claims can only be litigated between opposing parties to a principal action. The co-defendants are not such opposing parties and cannot raise counter-claims. Stahl v. Ohio River Company, 424 F.2d 52 (3rd Cir. 1970). This Court will consider the classification of the co-defendants claims as counter-claims to have been an inadvertent mistake and will consider the claims as cross-claims pursuant to Rule 13 of the Federal Rules of Civil Procedure.

1971); American Fidelity Fire Insurance Co. v. Hood, 37 F.R.D. 17 (D.C.S.C. 1965); Globe Indemnity Co. v. Teixeira, 230 F.Supp. 444 (D.C.Hawaii, 1963); Hoosier Cas. Co. of Indianapolis, Indiana v. Fox, 102 F.Supp. 214 (D.C.Iowa 1952).

Accordingly, it is hereby ordered that the cross-claims (counter-claims) of the co-defendants are dismissed.