Willard MOLLFULLEDA, Plaintiff,

v.

v.

Al PHILLIPS, Cross–Defendant and Cross–Plaintiff.

No. 93 C 5395.

United States District Court, N.D. Illinois, Eastern Division.

July 20, 1994.

Elliot R. Zinger, Elliot Zinger & Associates, Chicago, IL, for Willard Mollfulleda.

Shayle P. Fox, Steven H. Kuh, Fox and Grove, Chartered, Chicago, IL, for Al Phillips.

Alan Rosen, Norman Terry Finkel, John Kennedy Chatz, Marcia Topper Wolf, Young, Hauslinger and Rosen, Ltd., Chicago, IL, for

Chicago Health Clubs, Inc., Bally's Health & Tennis Corp.

### MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Before the Court are Defendant Bally's Motion to Reconsider parts of the Court's decision of April 21, 1994 and Defendant Phillips's "Motion for Leave to Add Cross–Claim for Breach of Contract".[1]

#### A. Bally's Motion to Reconsider

Bally requests that the Court reconsider that part of its decision deny the Bally Defendants Motion to Dismiss Count II of Defendant Phillips's Cross–Claim. And, Bally requests that the Court reconsider that part of the opinion permitting Count III of Phillips's Cross–Claim to stand. The Court now turns to these objections.

##### 1. Count II of Phillips's Cross–Claim

■ In Count II of his Cross–Claim, Defendant Phillips seeks indemnification by Bally's pursuant to 805 ILCS 5/8.75 (Smith–Hurd 1993). That section states:

To the extent that a director, officer, employee or agent of a corporation has been successful, on the merits or otherwise, in the defense of an action, suit or proceeding … or in defense of any claim, issue or matter therein, such person shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection therewith.

*Id.* The Court held, on April 21, that this section applied to a successful defense, by Phillips, of the instant action. In reaching that conclusion, the Court held that Phillips did not release an indemnification claim based on this section when he settled a previous action.

In the settlement of the previous lawsuit between Phillips and Bally's, Phillips signed, on December 1, 1992, a Settlement Agreement and General Release in which he released Bally's, with some exceptions, of all claims against it. The Court previously held

that Phillips's statutory indemnification claim fell within one of those exceptions. That exception states, in relevant part:

Any claims for contribution, indemnity, liability or the like arising out of any action brought by a third party … against either Bally or Phillips which arises out [of] alleged wrongful acts of the other; …

(Settlement Agreement & General Release ¶ 2.c.(4).) Bally's now contends that the Court erred in relying on this section because the Plaintiff's complaint makes no allegations of vicarious liability against Phillips for Bally's conduct. Bally's thus reads section 2.c.(4) to be limited to claims for vicarious liability. The Court disagrees.

The plain language of section 2.c.(4) permits Phillips to sue for indemnity when his claim is one "arising out of any action brought by a third party" against Phillips "which arises out of alleged wrongful acts of" Bally's. Plaintiff's First Amended Complaint alleges that all of Phillips's actions were taken while he was an "agent, employee, and a representative" of Bally's, that all of his acts were performed within the scope of his employment, and that all of his conduct was for Bally's benefit and with its "express or implied approval, authority, direction, knowledge, consent and ratification." (First Am. Compl. ¶¶ 8–10.) The Plaintiff also alleges that Bally's was negligent in monitoring Phillips. While it remains to be resolved whether Bally's alleged negligence constitutes a "wrongful act" under section 2.c.(4), it cannot be disputed that Plaintiff has alleged that Phillips's acts were Bally's acts. And, because this lawsuit arose out of Phillips's acts, under Plaintiff's theory, it also arose out of Bally's acts.

Bally's reading of section 2.c.(4) apparently places much of emphasis on the terms "of the other", proposing a reading of those terms to mean, vicarious liability only. The language of that section does not necessarily exclude, however, actions by third parties against Phillips when the actions of Phillips and Bally's are one in the same. Given the language

---

1. The Court denied this motion without prejudice in open court on July 7. The reason given here

supplements those given in open court.

of section 2.c.(4), Phillips may be justified in arguing that he did not waive claims for indemnification for acts he took which constitutes the acts of his employer. With respect to Count II, therefore, Bally's motion is denied.

The Court's conclusion, however, does not change the fact that, under 805 ILCS 5/8.75, Phillips is entitled to indemnification only if he succeeds in his defense. Furthermore, if, on future motion, Bally's can demonstrate that section 2.c.(4) is ambiguous and worthy of a "vicarious liability only" interpretation, the Court will entertain that argument.

### 2. Count III of Phillips's Cross–Claim

In Count III of his Cross–Claim, Phillips contends that Bally's retaliated against him by refusing to indemnify him, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(d) (1988). In the decision of April 21, 1994, the Court permitted this claim to proceed, noting that if Bally's had the practice of indemnifying former employees but refused to indemnify Phillips due to his age, he stated a claim.

Bally's now argues that the Court should have assumed that its motives were good because the Court stated, in a later section of the Court's opinion, that Phillips did not breach the settlement agreement by filing a cross-claim. In so holding, the Court assumed that Phillips's indemnification claim was a based on good motives.

The Court acknowledges the inconsistency. However, the proper remedy is not to dismiss Phillips's third count, but to reinstate Bally's breach of contract claim. A party's intent is generally irrelevant to the question of whether or not he has breached a contract. On motion for summary judgment, where appropriate, the parties may address themselves to the question of whether a settlement contract is breached by the filing of a claim which is subsequently found to be barred by the contract. If so, Phillips may be liable for the breach of his settlement contract where any of his indemnity claims, even the one already dismissed, fail. The Court leaves that issue for proper briefing by the parties.

With respect to Bally's claim for reconsideration as to Phillips's Count III, the motion is denied in part and granted in part. Phillips's Count III remains in this case. However, Bally's claim for breach of the settlement agreement is reinstated.

### B. Phillips's Motion to Leave to Add a Cross–Claim

Defendant Phillips requests leave to add a Cross–Claim for Breach of Contract. Specifically, Phillips seeks to add a claim for breach of the parties' settlement agreement in a previous case. Part of that agreement states:

> Phillips agrees subject to his reasonable availability to fully cooperate with Bally in the future with regard to any legal or business matters relating to Phillips's responsibilities and duties while he was employed by Bally including the giving of depositions and trial testimony where needed; provided, however, that Phillips shall be compensated by Bally for any time, effort and expense required of him at the rate of $200 per hour for time plus all reimbursable out-of-pocket expenses actually incurred.

(Cross–Claim Count IV. ¶ 6 (Settlement Agreement ¶ 8.).) According to Phillips, he is entitled to payment for attorney's fees and expenses he incurred in connection with his cooperation at a deposition "in another lawsuit in which Bally is a defendant." (Cross–Claim Count IV. ¶ 7.)

Bally's contends that Phillips's motion seeking leave to add this claim should be denied under Rule 13(g) of the Federal Rules of Civil Procedure. Rule 13(g) states:

> A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that his the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Fed.R.Civ.P. 13(g). Phillips's current claim does not arise out of the "transaction or occurrence" that is the subject matter of the instant lawsuit. It therefore is impermissible. *Oquendo v. Monsanto Co.*, 59 F.R.D. 152, 153 (N.D.Ill.1973) (Bauer, J.) (stating that cross-claims not dealing with transactions, occurrences, or factual or legal issues identical to those in the original complaint are impermissible). Although the settlement agreement said to have been breached by the new cross-claim is part of this lawsuit, it is only included based on Defendant Phillips's attempts to be indemnified for defending on the subject matter of the original suit, Plaintiff Mollfulleda's termination.

Accordingly, motion denied.

### C. Conclusion

Accordingly, Bally's Motion to Reconsider is denied in part and granted in part, as indicated. Phillips's Motion for Leave to Add Cross Claim for Breach of Contract is denied.