## FORD v. GLENS FALLS INDEMNITY CO. OF GLENS FALLS, N. Y.

### Civil Action No. 1930.

United States District Court
E. D. South Carolina, Florence Division.
July 22, 1948.

James E. Leppard, of Chesterfield, S. C., for plaintiff.

Willcox, Hardee, Houck & Palmer, of Florence, S. C., for defendant.

WARING, District Judge.

This action is brought by plaintiff, an infant, through her general guardian. The complaint alleges that plaintiff was injured by a motor truck operated by South Carolina State Commission of Forestry, an agency of the State of South Carolina. Plaintiff's contention is that the motor truck was operated carelessly and negligently as a result of which she was severely injured and she brings this suit against the defendant Glens Falls Indemnity Company by reason of the fact that this company had heretofore and before the time of the accident issued a policy of insurance to the South Carolina State Commission of Forestry whereby it agreed to pay all sums which insured should be obligated to pay by reason of bodily injury sustained by any person caused by accident and arising out of the ownership, maintenance or use of certain automobiles and trucks of the commission. The State Forestry Commission is not made a party defendant and the suit is based upon the theory that the insurance company has a direct liability to plaintiff or others in like situation who may have been injured by the motor trucks covered by the insurance. In the alternative the complaint asks to have the contract reformed to give it the effect of such liability.

The defendant by answer and special motion prays the court for an order requiring plaintiff to admit or deny the papers attached to the answer, which appear to be copies of the policy of insurance, and it prays that this court dismiss the action since the plaintiff has no cause of action against the defendant, nor does she have any right to have the contract reformed to sustain this right of action. Upon the hearing of the motions, reference was made to the copies of the policy attached to the answer, and while no formal waiver was given, it was admitted for the purpose of decision on the motion that the pertinent parts of the policies referred to in argument and hereinafter mentioned were correctly set forth. It is therefore unnecessary to further discuss the motion to require plaintiff to admit or deny the correctness of the papers attached to the answer.

The real point in issue is: Does the plaintiff have a cause of action against the defendant? The policy of insurance is substantially the same as the usual policies of liability insurance issued to individuals. It contains the usual clause that no action shall lie against the company until the insured's obligation to pay shall have been finally determined. In other words, it creates no direct liability to any persons who may be injured, but it is a contract solely of indemnity to the insured in case of its having been found liable. It is hardly necessary to cite cases or authorities to the effect that in a tort action, suit must first be brought against the insured or party claimed to be liable, and that an insurance carrier cannot be joined in such a suit, or suit brought individually against such a company; and in fact, it is universally forbidden that any evidence or reference be made to the fact that the defendant is protected by insurance. In South Carolina such has long been the law. See opinion by Judge Woods in Horsford v. Carolina Glass Company, 92 S.C. 236–258, 75 S.E. 533, which is cited with approval in Cox v. Employers Liability Assur. Corp., 191 S.C. 233, 196 S.E. 549.

But an exception to the general doctrine is made where the contract of insurance provides that the insurer will be bound directly and primarily to any person injured by the insured. In South Carolina there are a number of statutes regulating trucks and public carriers and where by statute it is required that before one be licensed as a public carrier or as a trucker, he must obtain and file insurance coverage. That renders the insurer directly liable to any person injured by the motor vehicle covered, and in such a case suit may be brought jointly against the owner or operator of the conveyance and against the insurance carrier; or suit may be brought against the insurance carrier alone, provided of course the recovery shall be limited to the amount of the policy and be for actual damages and not include any

punitive claims. This doctrine has been well enunciated, explained and limited in a series of decisions by the Supreme Court of South Carolina, and I particularly call attention to the following: Piper v. American Fidelity & Casualty Co., 157 S.C. 106, 154 S.E. 106; Benn v. Camel City Coach Co., 162 S.C. 44, 160 S.E. 135; Bryant v. Blue Bird Cab Co., 202 S.C. 456, 25 S.E.2d 489; Cox v. Employers etc. Corp., 191 S.C. 233, 196 S.E. 549. I think it unnecessary to discuss the matter further than to suggest a careful reading of the foregoing cases which very clearly show the limitation to the right to bring suit against the insurance carrier. Under somewhat different circumstances but as clearly enunciating the general doctrine, attention should be called to the very recent case of Massey v. War Emergency Co-Op. Ass'n, 209 S.C. 292, 39 S.E.2d 907.

Plaintiff claims however that this policy differs from the usual contract of insurance because of the following condition or rider:

"In consideration of the premium charged for the policy to which this endorsement is attached, it is understood and agreed that the Company will not avail itself of the legal immunity to which the insured may be entitled by reason of its being a public institution, and agrees to handle any claims covered by this policy as though the insured's legal status was that of a private corporation."

But I cannot see where this rider gives any right of action against the insurance company. In the rider the insurance company agrees that it will handle any claims covered by the policy as though the insured were a private corporation and that it will not avail itself of any legal immunity to which the insured may be entitled by reason of its being a public institution. This merely means that there is a contract between the commission and the insurance company, that the insurance company will handle all claims, and that it will waive any immunity by reason of the commission being a state institution or agency of the state or any other immunity of that kind that might be claimed by the commission. It is pointed out in argument that if the commission should set up its legal immunity, the insurance company would not have to respond. Of course that is entirely a matter of good faith between the commission and the insurance company, and it is not necessary for this court to pass upon whether this contract is fair or even valid. The only issue before this court is whether there is any direct liability by the insurance company to the plaintiff by reason of the fact that she was injured through the alleged negligence of the commission. I hold that this case is governed by the general law as set out in the South Carolina cases referred to and there is no direct liability by the insurance company to the plaintiff. If the plaintiff does establish negligence by the commission and obtains a judgment against it, then it would be time to turn to the insurance policy.

The commission is not made a party to this suit and if it were, it of course would be shown that it is a South Carolina entity or a citizen of this State and serious doubt would arise as to the jurisdiction of this court. Certainly this court has no right or jurisdiction to attempt to reform or rather rewrite a contract of insurance between an insurance company and a commission of the State of South Carolina which is not made a party to this cause. The commission would have to be heard before this court would even consider modifying the contract it had entered into, and since I am clearly of the opinion that the plaintiff has no interest in the policy of insurance at this time, I feel it my duty to grant the motions of the defendant and to dismiss the suit. And

It is so ordered.