**ALLSTATE INSURANCE COMPANY,**
an Illinois corporation, Plaintiff,

v.

**Clevy Buster SMITH, Harvey Davenport,
and Elvin Rhoden, Defendants.**

**Harvey DAVENPORT and Elvin Rhoden,
Cross-Plaintiffs,**

v.

**Clevy Buster SMITH and Allstate Insurance Company, an Illinois corporation, Cross-Defendants.**

**Civ. A. No. 18144.**

United States District Court
E. D. Michigan, S. D.
Jan. 15, 1959.

Albert Miller, of Garan, Lucow & Miller, Detroit, Mich., for Allstate Ins. Co.

Thomas L. Conklin of Conklin & Maloney, Detroit, Mich., for Clevy Buster Smith.

William P. Cooney, of Ward, Plunkett & Cooney, Detroit, Mich., for Harvey Davenport and Elvin Rhoden.

THORNTON, District Judge.

This action was brought by Allstate against the three named defendants for a declaratory judgment of invalidity and nonliability with respect to a policy of insurance issued by Allstate to defendant Smith on the 24th day of May, 1957. The basis for Allstate's contention is that the policy is void because of fraudulent misrepresentations by the insured, Smith. The defendants, Davenport and Rhoden, are persons who were injured in an automobile accident involving themselves and Smith, for which injuries and damages they presently seek to hold Smith liable in actions commenced by them separately in courts of this State. Allstate's primary concern is to determine whether or not it must defend these two suits, on behalf of its insured, Smith. After commencement of the action here, the State Court actions having been previously commenced, defendants Davenport and Rhoden filed an answer and cross-complaint. The cross-complaint states that it is against Clevy Buster Smith and the Allstate Insurance Company. By it Davenport and Rhoden seek to recover their damages for which Smith is allegedly liable to them as a tortfeasor, and for which they claim Allstate to be liable to them because of the insurance policy issued by it to Smith. Allstate has filed a motion to dismiss the cross-complaint. The argument it makes is the same as that made in Hoosier Cas. Co. of Indianapolis, Ind. v. Fox, D.C.N.D. Iowa 1952, 102 F.Supp. 214. The case is treated at page 3150 of 6 Moore's Federal Practice, 2d ed. We have respect for the reasoning of Judge Graven and have no fault to find with it. We have a different viewpoint of the matter, however, and our approach to the problem is different. It so happens that the result is the opposite of his. We should state that the situation presented in the instant matter is factually identical to that in the Hoosier case, as we read the Hoosier case. It is also very similar to that in United States Fidelity & Guaranty Co. v. Janich, D.C. S.D.Cal.1943, 3 F.R.D. 16 where the

court there reached a conclusion opposite to that reached in Hoosier. We do not propose to dissect the rationale of the two opinions, or to compare their differences, for the reason that we will not place our decision on the reasoning of either. This situation is one where we find ourselves, a district court, faced with a conflict in decisions by two other district courts on issues presently before us, and as to which there is no compelling authority for us to follow.

■■ We present here the approach that to us seems a logical one. Allstate commenced its action naming these three defendants. Under Federal Rules of Civil Procedure, Rule 13, 28 U.S.C.A., a defendant may counterclaim against a plaintiff and set forth a permissive counterclaim (13(b)). Also under Rule 13 a defendant may cross-claim against a co-party (Rule 13(g)) and may state a claim "arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim [1] therein or relating to any property that is the subject matter of the original action." In the so-called "Cross-Complaint" filed by the defendants Davenport and Rhoden, cross-plaintiffs claim against plaintiff and cross-defendant and their claim is for damages arising out of the accident. For this reason we must denominate it as a counterclaim (permissive, since it is a claim "not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Rule 13 (b)). It is not a cross-claim when a claim is asserted against an opposing party. There is, then, a counterclaim pleaded. There are also cross-claims by Davenport and Rhoden against their co-party Smith, arising out of the occurrence that is the subject matter of the counterclaim. That the counterclaim and the cross-claims were pleaded simultaneously does not lessen the effectiveness of the rule. The rule neither expresses nor implies that the counterclaim and cross-claims must be sequential, or consecu-

tive. Therefore it follows that in their present state the pleadings do not run afoul of the rules. The argument of plaintiff, that under Michigan statutory law Davenport and Rhoden may not claim directly against the insured's insurer, is not substantiated in the light of the language of the statute. This is not an original action brought by an injured person, where a plaintiff seeks to join an insurance company as a co-defendant. In relation to the policy of nonjoinder of an insurance company as a defendant as prohibited by the statutes, Professor Moore has this to say:

"But the policy underlying this principle has no relevance where the injured party is made co-defendant with the insured in an action *instituted by the insurance company*. Since the insurance company has *initiated* the action, the indemnity nature of its relationship with the insured cannot be hidden from the trier of the facts, and it has itself seen fit to reveal the relationship." 6 Moore's Federal Practice, 2d ed. p. 3112.

The argument made by plaintiff, that there must be diversity between cross-claimants so that independent jurisdictional basis exists in relation to the cross-claim, we do not think sound as applied to the state of facts here present.

If the above steps in our reasoning are faulty, we would still reach the same conclusion on another more general theory— namely, the underlying policy of the federal judicial system to avoid multiplicity of suits, to dispose of all matters involving the same parties and the same subject matter as expeditiously as possible, and to eliminate technical nonsense. Allstate has chosen this forum to seek a determination that affects it and the three persons it has named as defendants here. These parties are already involved in state litigation, all of which relates to the insurance policy in question and to the accident which brought into

[1] Italics supplied.

focus the issue of the validity of the policy.

In conformance with the reasoning herein an order may be presented denying plaintiff's motion to dismiss the cross-complaint.