PLAINS INSURANCE COMPANY, a
Kansas corporation, Plaintiff,

v.

Alfonso SANDOVAL, Joseph Sandoval,
Ruth Gonzales, Judy K. Mason and
William Pearson, Defendants.

Civ. A. No. 8319.

United States District Court
D. Colorado.

June 16, 1964.

White & Steele, Walter A. Steele, Denver, Colo., for plaintiff.

Carmel A. Garlutzo, Trinidad, Colo., for defendants Alfonso Sandoval and Joseph Sandoval.

Franklin W. Azar, Trinidad, Colo., for defendant Ruth Gonzales.

Robert G. Bailey, Trinidad, Colo., for defendant Judy K. Mason.

Burnett, Watson & Horan, Mike Hilgers, Denver, Colo., for defendant William Pearson.

DOYLE, District Judge.

This is a declaratory judgment action instituted by a liability insurance company which had issued a policy covering a certain Chevrolet automobile owned by the defendant Alfonso Sandoval. According to the allegation of the complaint Joseph Sandoval, the under-age, unlicensed son of Alfonso Sandoval, was the driver of the Chevrolet automobile on September 28, 1963 when that automobile collided with an Oldsmobile automobile driven by defendant William Pearson, approximately three miles west of Segundo, Colorado, on Colorado Highway No. 12. In that collision it appears that James Robert Mason, the late husband of Judy K. Mason, a passenger in the Pearson automobile, was killed; as was James R. Gonzales, a passenger in the Sandoval automobile. It further appears that William Pearson was severely injured, but survives.

Alleging that all defendants are citizens of Colorado, while the corporate plaintiff is, for jurisdictional purposes, not a citizen of Colorado, but rather, a citizen of Kansas, the plaintiff insurance company asserts that federal jurisdiction over the declaratory judgment action arises from the fact that the amount in controversy exceeds Ten Thousand Dollars and that diversity of citizenship exists as between it and all parties who have or may claim an interest in the proceeds of the insurance policy, should its coverage be found to extend to this accident.

The defendants Sandoval, Gonzales, and Mason earlier moved to dismiss the complaint because of its failure to allege that a genuine controversy existed. Originally it appeared that the complaint should be dismissed, as defendants Sandoval, Gonzales and Mason moved, because the complaint did not reveal that any genuine controversy existed and an order dismissing the complaint was drafted prior to January 29, 1964, but not signed until January 31, 1964.

In a "Petition for Rehearing" dated February 11, 1964 the plaintiff pointed out that the answer of defendant Pearson, filed on January 29, 1964, incorporating a counterclaim against the insurance company and a cross-claim against the defendants Sandoval, had created an actual controversy in which the interests of the plaintiff were genuinely adverse to the interests of all defendants.

The plaintiff insurance company took the position in its "Petition for Rehearing" that a genuine controversy now exists because "there was filed in this action by the defendant William Pearson, an answer, crossclaim, and counterclaim." The genuine controversy which now exists, it is to be noted, does not take the form of an action in state court by Pearson against Sandoval. It takes the form, rather, of a counterclaim in the present action instituted by the plaintiff insurance company and a cross-claim in the same action against a fellow defendant.

The plaintiff insurance company now moves that the respective counterclaims of defendants Mason, Pearson, and Gonzales be dismissed because they are in reality direct actions against the insurance company which, argues the plaintiff insurance company now, cannot be maintained until or unless the claims of defendants Mason, Pearson and Gonzales against Alfonso Sandoval be adjudicated adversely to Sandoval. The basis for this contention is the rule of Crowley v. Hardman Brothers, 122 Colo. 489, 500, 223 P.2d 1045 (1950), that a third party injured by an insured tort-feasor may not join the insured tort-feasor's insurance company as a party defendant in a suit brought by the injured third party as a plaintiff. We accept this as an accurate statement of Colorado law; but it does not apply in the instant case.

The decision of the Colorado Supreme Court in Pioneer Mutual Compensation Company v. Cosby, 125 Colo. 468, 244 P.2d 1089 (1952), seems to us to indicate that an insurance company which has issued liability insurance can be joined as a third-party defendant by the insured tort-feasor in a suit brought by the injured third party before judgment is obtained against the insured tort-feasor. Where the insurance company is the party who has instituted the lawsuit, naming as defendants both the insured tort-feasor and the injured third party, there is even less reason for requiring the injured third party to resort to another action to recover from the insurance company if, in the action instituted by the insurance company, it is found that coverage exists and that the insured is liable. This is the approach which has been taken by federal district courts in United States Fidelity & Guaranty Co. v. Janich, 3 F.R.D. 16 (S.D.Cal.1943), and Allstate Insurance Company v. Smith, 169 F.Supp. 374 (E.D.Mich.1959). Contra: Hoosier Cas. Co. of Indianapolis, Indiana v. Fox, 102 F.Supp. 214 (N.D. Iowa 1952). We are persuaded by the reasoning of Judge Thornton in Allstate, supra. To avoid a multiplicity of suits it is appropriate that such claims as injured third parties may have against the insured tort-feasor's insurance company, if coverage be found to exist and if the tort-feasor be found liable, be adjudicated in the same action as was brought by the insurance company to obtain a declaratory judgment defining the respective rights and liabilities of all the parties under the insurance policy if the evidence which is necessary to an adjudication of the rights of the parties under the policy is substantially the same evidence as would indicate whether the alleged tort-feasor is liable to the injured third parties. With specific reference to the state policy underlying the prohibition which prevents an injured third party from naming the alleged tort-feasor's insurance company as a co-defendant, Moore correctly observes:

" * * *. In several states there is a substantial rule of law against the [joinder of an insurance company as defendant in an action by the injured third party against the insured] on the theory that the insurer will be prejudiced; and it has been held that Rule 18(b) will not prevail against such a state rule. But the policy underlying this principle has no relevance where the injured party is made co-defendant with the insured in an action *instituted by the insurance company*. Since the insurance company has *initiated* the action, the indemnity nature of its relationship with the insured cannot be hidden from the trier of the facts, and it has itself seen fit to reveal the relationship." [Emphasis in original.] 6 Moore, Federal Practice ¶ 57.19 at 3112

In the instant case the insurance company contends that the issue of whether or not coverage of the policy extends to the situation wherein the insured vehicle is driven by the under-age son of the named insured is different, from the issue whether either son or father is liable to the injured third parties. The decision in the case of Collier v. Harvey, 179 F.2d 664 (10th Cir. 1949), indicates, however, that in an action where the cross- and counterclaims of injured third parties arise out of the transaction or occurrence that is the subject matter of the original declaratory judgment action, the cross- and counterclaims are proper, can and should be adjudicated as part of the declaratory judgment action, and do not require an independent jurisdictional basis. In Collier v. Harvey the liability insurer brought the action seeking a declaratory judgment. Both the declaratory judgment action and the cross-claim of the insured against the injured third party concerned the status of the insured vehicle at the time of the accident in

question. The defense of the insurer under the policy and the defense of the insured against the injured third party were alike in that both contended that at the time of the accident the insured vehicle was under the control of another party. The evidence as to this contested issue was the same in both the main action and the cross-claim. The Court of Appeals held that the cross-claim arose out of the occurrence that was the subject matter of the main action.

In the instant case the defense of the insurance company under the policy—the reason why it seeks a declaratory judgment to determine whether it is obliged to defend the insured—is that the insured vehicle, at the time of the accident in question, was being operated by and was under the control of another, viz., the insured's son. The evidence supporting the claims of the injured third parties deals in important part with their allegation that the manner in which the younger Sandoval operated the insured Chevrolet was so reckless as to constitute a proximate cause of the injuries they suffered. In order to determine whether the plaintiff insurance company is obligated to defend the Sandovals it will, of course, be necessary to first determine what the coverage of policy includes. Even though it is true that the evidence which would need to be adduced in the cross-claims of the third parties against the Sandovals may be somewhat more extensive than the evidence which would suffice to indicate whether or not the policy in question extends in its coverage to include the incident wherein the third parties were injured, it is consistent with the interests of justice and the spirit of the Federal Rules to adjudicate in one action both the plaintiff's prayer for declaratory judgment and the third parties' claims as against the Sandovals—and, if coverage be found to exist, against the insurance company as indemnitor.

As indicated in Collier v. Harvey, 179 F.2d 664, 668, one of the important purposes of either a cross-claim or a counterclaim is "to obtain full relief for all parties and a complete determination of all controversies which arise out of the matters charged in the original bill." See also Mathis v. Ligon, 39 F.2d 455 (10th Cir. 1930), and Queenan v. Mays, 90 F.2d 525, 535 (10th Cir. 1937). In Collier v. Harvey, supra, the Court of Appeals took the view that the transaction or occurrence which was the subject matter of the original declaratory judgment action was not limited to the transaction wherein the named insured allegedly relinquished control of the insured vehicle to another; the subject matter of the controversy was, rather, the subsequent accident which resulted in personal injury to the third party, one of the defendants in the declaratory judgment action. Here also, although it could be argued that the subject matter of declaratory judgment action is merely the contractual agreement between the insurance company and Alfonso Sandoval, the plaintiff insurance company asserts that it has named the injured third parties as defendants in the declaratory judgment action in order that the adjudication as to the insurance company's liability for any negligence of the younger Sandoval might be binding on the injured third parties. In its own view of the case, then, it seems to us, the insurance company is asserting that the rights of the injured third parties are within the purview of this action. Had the insurance company desired to restrict the scope of this adjudication on its declaratory judgment action to the contractual obligation between itself and the Sandovals to defend any lawsuit which might be brought by injured third parties or to pay any judgment which might be obtained against the Sandovals in actions instituted by the injured third parties, it would have been sufficient to name the Sandovals as parties defendant in the declaratory judgment action.

It is necessary to note, finally, that it is plaintiff insurance company

which sought, even before any actual controversy arose, to effect adjudication of the rights of injured third parties in this Court rather than in the state courts where the injured third parties would necessarily have brought their claims against the Sandovals. By seizing the initiative and moving for declaratory judgment in this Court, sitting in Denver, the insurance company has gained whatever tactical advantage it sees in having this matter tried in Denver rather than in Trinidad. The plaintiff insurance company, we have decided, is properly here because a genuine controversy does now exist, but that is so only because the defendant Pearson chose originally to answer the plaintiff's complaint, setting up a cross-claim against the Sandovals and a counterclaim against the plaintiff insurance company within the framework of an action instituted by the plaintiff insurance company. The plaintiff insurance company has strained to place this matter before this Court, and has, realistically, invited the injured third parties to have it out here and now. The plaintiff insurance company has brought in the injured third parties —against their will in every case but that of Pearson. It has thus coerced them to litigate here rather than in state court. The plaintiff insurance company has, further, identified its relationship to the Sandovals, and can not, in fairness, now claim the benefit of a state policy which prevents an injured third party from joining the alleged tort-feasor's insurance company as a party defendant. It would be anomalous indeed to now allow the insurance company to litigate its claim in this court and to relegate the individual parties to another state action. For these reasons it is, therefore,

Ordered that the motions of the plaintiff to dismiss the counterclaims of defendants Mason, Pearson, and Gonzales should be, and the same are hereby denied.