**AMERICAN FIDELITY FIRE INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**Ernest Clyde HOOD, Jr., Isaac Coaxum, and Jacob Coaxum, Defendants.**

**Civ. A. No. 8502.**

United States District Court
E. D. South Carolina,
Charleston Division.

March 8, 1965.

Charles H. Gibbs, Sinkler, Gibbs & Simons, Charleston, S. C., for plaintiff.

Joseph R. Young, Hagood, Rivers & Young, Charleston, S. C., for Isaac Coaxum and Jacob Coaxum, defendants.

William H. Vaughn, Jr., Grimball & Cabaniss, Charleston, S. C., for Ernest Clyde Hood, Jr., defendant.

HEMPHILL, Chief Judge.

Plaintiff insurer commenced this declaratory judgment action seeking to have its liability determined on a standard automobile liability insurance policy issued by it to one Isaac Coaxum. The Complaint alleges that on or about April 16, 1964 the insured vehicle of Isaac Coaxum became inoperable and was left at a repair agency until some time after June 13, 1964. It is further alleged that during this period Isaac Coaxum constantly used and drove a Mercury automobile belonging to his brother Jacob Coaxum and that Jacob had consented and agreed to such regular use of his Mercury automobile by Isaac during this time. On June 13, 1964 Isaac, while driving his brother's Mercury, was involved in an accident on the Cooper River Bridge in Charleston County, which resulted in injuries to Ernest Clyde Hood, Jr. Thereafter Hood brought an action in the Charleston County Court against Isaac Coaxum, claiming $12,000.00 personal injury and property damage; subsequently this declaratory judgment action was commenced by plaintiff here seeking relief for the reason that no coverage was afforded to Isaac Coaxum in the circumstances alleged while driving his brother's Mercury because it was not "a temporary substitute automobile" as defined in the policy and because the coverage of said policy extending to "other automobiles" is withheld from automobiles furnished for regular use to the named insured therein.

Hood, the defendant in the State Court action, and both Coaxums are joined as defendants in this declaratory judgment action, and Hood has filed an answer to

the same as well as a counterclaim against the plaintiff insurance company and a cross claim against the insured, Coaxum.

It appears that since the institution of this action Hood's own liability insurer has taken over the defense of Isaac Coaxum in the County Court suit under the uninsured motorist provisions of Hood's policy and has also caused an answer to be filed in this action to Hood's cross claim against Isaac Coaxum. For this reason counsel for the plaintiff announced in open court that he was withdrawing his request for an injunction against or stay of the County Court action. The plaintiff moved to dismiss the counterclaim of the defendant Hood against it on the ground that it failed to state a claim against the plaintiff upon which relief could be granted, it being an effort to sue the liability insurer directly before such liability had been established and on the additional ground that the counterclaim did not arise out of the transaction or occurrence which is the subject matter of the plaintiff's cause of action.

It should be noted that the plaintiff in this action is not contesting the liability of its insured, Isaac Coaxum, on the merits of the motor vehicle accident; on the contrary, it is raising a policy defense which involved completely different factual determinations with respect to the course of conduct between Isaac Coaxum and his brother Jacob Coaxum regarding Isaac's use of Jacob's Mercury automobile.

Hood, in his answer, counterclaim, and cross-complaint, has demanded trial by jury of all the issues, i. e., liability of Coaxum's insurer to defend and the liability of the alleged tort-feasor, Coaxum, all in one trial.

Plaintiff here, citing Hoosier Cas. Co. of Indianapolis, Ind. v. Fox, 102 F.Supp. 214 (N.D.Iowa 1952), has moved to dismiss Hood's affirmative pleadings on the basis that the tort liability and the insurance coverage cannot or should not be tried at the same time. Hood, citing Allstate Ins. Co. v. Smith, 169 F.Supp. 374 (E.D.Mich.1959), a case factually identical with Hoosier, supra, states that "this court is the only place where all of the crucial issues can be determined in one action." The two cases cited above reach opposite results on like facts.

Hood's counterclaim is brought under Rule 13,[1] Federal Rules of Civil Procedure. This rule recognizes two types of counterclaims. A "compulsory counterclaim" which falls under Rule 13(a) must be asserted as such or be forever barred. Any claim that does not properly fall under Rule 13(a) is a "permissive counterclaim." With a "permissive counterclaim" there is "authority" to assert a claim, but no "compulsion." WRIGHT ON FEDERAL COURTS (1963) p. 299.

It is obvious that this counterclaim is not "compulsory" because it did not, as Rule 13(a) proscribes, "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." True, all parties here were "thrown together" because of

---

1. The relevant portion of Rule 13 provides:

"(a) *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

"(b) *Permissive Counterclaims.* A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim. * * *"

one alleged tortious act, but it is apparent that if Hood did not bring this counterclaim that he would not be forever barred. The Dow Chemical Co. v. Melton Corp., 281 F.2d 292, 297 (4th Cir. 1960). Hood sued Coaxum in the State court for damages arising out of the automobile accident. Coaxum's insurer, plaintiff here, brought an action in this court, bringing in all the parties, to ascertain if it had a duty to defend under Coaxum's policy, the important factors for determination existing only between the two defendants Coaxum for a determination of that question. Hood counterclaimed, which precipitated this motion.

The reason it is stated that this counterclaim is not "compulsory", is that although it is obvious that there is a "difference between the parties", Warren v. Indian Refining Co., 30 F.Supp. 281, 282 (N.D.Ind.1939), it is also clear that their difference did not "[arise] out of the transaction or occurrence that is the subject matter of the opposing party's claim." The fact that one action is *ex delicto* and the other *ex contractu*, taking into account *all* the factors, compels this determination. Thus, this counterclaim is "permissive."

The next question is: should this "permissive" counterclaim, along with the cross claims against the Coaxums, be tried together? This would raise the issue of insurance coverage in the midst of the tort case.

■ As was noted before, there is a conflict of authority on this point. It would not be a problem in Wisconsin or Louisiana, because there direct actions are allowed against insurers. In fact, in Louisiana, an insurer can be sued in lieu of the alleged tortfeasor. Pugh v. Oklahoma Farm Bureau Mut. Ins. Co., 159 F.Supp. 155, 157 (E.D.La. 1958). However, in South Carolina and most other states, it is error to bring in the issue of insurance coverage on a question of tort liability, unless the insurance is compulsory. Judge War-

ing noted this when he said in Ford v. Glens Falls Indemn. Co., 80 F.Supp. 347 (E.D.S.C.1948):

> "It is hardly necessary to cite cases or authorities to the effect that in a tort action, suit must first be brought against the insured or party claimed to be liable, and that an insurance carrier cannot be joined in such a suit, or suit brought individually against such a company; and in fact, it is universally forbidden that any evidence or reference be made to the fact that the defendant is protected by insurance. In South Carolina such has long been the law. See opinion by Judge Woods in Horsford v. Carolina Glass Company, 92 S.C. 236–258, 75 S. E. 533, which is cited with approval in Cox v. Employers Liability Assur. Corp., 191 S.C. 233, 196 S.E. 549."

80 F.Supp. at 348. See also 46 C.J.S. Insurance § 1191.

Of course, the South Carolina courts have long recognized the obvious. As Justice Bonham stated in his concurring opinion in Pardue v. Pardue, 167 S.C. 129, 166 S.E. 101, 104:

> "Here was an action by a wife against her husband to recover damages for personal injuries suffered by her by reason of the alleged heedless and reckless conduct of the husband. It was not an action against the husband for damages inflicted by him upon his wife by way of assault and battery, or other indignity against the person of the wife. It was patent that the plaintiff and husband were on amicable terms. The court will take notice that in this day of use of automobiles many owners of such machines carry insurance to indemnify them for damages claimed of them for injuries inflicted by their cars. In such state of facts every intelligent juror on that panel knew, before any question was asked, that defend-

ant was protected by indemnity insurance."

In this instant matter, of course, the type of relationship alluded to between the parties to the tort differs from Pardue v. Pardue. And, it would seem that in the State courts, there would be no dimunition of the orthodox policy referred to in Ford v. Glens Falls Indemnity Co., supra.

 Without deciding whether the prohibition against the mentioning of insurance coverage in a tort suit is "substantive"[2] or "procedural", it would seem that for purposes of the Erie Rule that reference to insurance would sufficiently effect the outcome of the tort controversy so that the trial on the merits might reach a different result in the Federal court if the counterclaim were allowed to be asserted, than if tried in the State court, with all the State rules applying.

There are very few cases which squarely meet the principal issue in this case; they are almost evenly divided.

Hood cites Allstate Insurance Co. v. Smith, 169 F.Supp. 374 (E.D.Mich.1959) which states the

"underlying policy of the federal judicial system to avoid multiplicity of suits, to dispose of all matters involving the same parties and the same subject matter as expeditiously as possible, and to eliminate technical nonsense."

169 F.Supp. at 376. On the same page Professor Moore is quoted as saying:

" 'But the policy underlying this principle has no relevance where the injured party is made co-defendant with the insured in an action *instituted by the insurance company*. Since the insurance company has *initiated* the action, the indemnity nature of its relationship with the insured cannot be hidden from the trier of the facts, and it has itself

seen fit to reveal the relationship.' 6 Moore's Federal Practice, 2nd ed. p. 3112 [Emphasis in original]."

To the same effect is Plains Insurance Co. v. Sandoval, 35 F.R.D. 293 (D.Colo. 1964), which noted that

"[t]he plaintiff insurance company has, further, identified its relationship to the Sandovals, and can not, in fairness, now claim the benefit of a state policy which prevents an injured third party from joining the alleged tort-feasor's insurance company as a party defendant. It would be anomalous indeed to now allow the insurance company to litigate its claim in this court and to relegate the individual parties to another state action." 35 F.R.D. at 297.

Despite the reasoning, and perhaps some of the equity suggested by the Allstate and the Plains Insurance Company cases, supra, this Court is persuaded otherwise.

 It would seem that the better reasoning and the more just result, which agrees with declared and recognized State policy, would dictate that the policy suggested above should not be adhered to by this Court sitting in South Carolina.

As is noted in Borchard, Declaratory Judgments, (2nd Ed. 1941): "The liability under the policy and the liability for negligence are indeed two separate transactions. \* \* \* It may be important, therefore, to try the question of immunity separately." Page 652.

Judge Graven pronounced what this Court feels is the better view when he said:

"It is the rationale of the decisions of the United States Supreme Court that a federal court in cases in which jurisdiction is based upon diversity of citizenship enforces state law and state policy. \* \* \*

2. See Hoosier Cas. Co. of Indianapolis, Ind. v. Fox, 102 F.Supp. 214, 223 (N.D.Iowa 1952).

It is also the rationale of such decisions that provisions of the Federal Rules of Civil Procedure must in such cases give way to such law and policy. Further, it is the rule that if a party could not have maintained a certain action in the local state court he cannot maintain such action in federal court in an action in which jurisdiction is based upon diversity of citizenship. * * * To permit the * * * injured persons in the present case to proceed as they have attempted to do, upon the ground that the Federal Rules of Civil Procedure permit them to do so, would be to permit such parties by means of such Rules to contravene state policy and state law. It seems clear that the United States Supreme Court would not permit that to be done." Hoosier Cas. Co. of Indianapolis, Ind. v. Fox, 102 F.Supp. 214, 223 (N.D.Iowa 1952).

Equally persuasive reasoning can be found in Globe Indemnity Co. v. Teixeria, 230 F.Supp. 444 (D.Hawaii 1963).[3] In that decision Judge Tavares noted:

"28 United States Code, Section 1332(a), gives a plaintiff the right to come into the Federal Courts if there is diversity of citizenship and if the amount involved is over a certain amount. In this case plaintiff is seeking only an adjudication that it is not liable on the policy on alleged facts having nothing to do with the accident itself. A judgment holding that it is or is not liable on the policy cannot affect any claim any defendant has against any other defendant other than perhaps its collectability. To hold that the institution of such an action results in such a waiver would prevent the insurance company from exercising its right in a diversity case to come into the Federal Courts unless it waived a purposeful and what, in its opinion at least, is a valuable contract provision in its favor.[4] Undoubtedly the reason for such provisions in such insurance policies is to keep the jury trying the accident case from knowing that the defendant is insured, it being assumed, whether correctly or incorrectly, that larger amount of damages would be awarded if it were known that they were to be paid by an insurance company." 230 F.Supp. at 448.

Accordingly, the counter-claims will not be allowed.

No motion has been made to dismiss the cross-claims, which are identical to complaints filed in the State court prior to the commencement of this Declaratory Judgment action. But lack of jurisdiction can be suggesed by the court. Rule 12(h) (2) Federal Rules of Civil Procedure.

Regarding the cross-claims, Rule 13(g) provides: "(g) Cross-claim Against Co-party. A pleading may state as a cross claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. * * *"

The decision of the District Court in Globe Indemnity Co. v. Teixeria, supra, so thoroughly discusses the cross-claim issue, that this court will adopt its reasoning and language:

"The subject matter of the original action in this case is the liability

---

3. Both Hoosier and Globe are distinguishable from Allstate Ins. Co. v. Guaranty Ins. Exch. of Kansas City, Mo., 208 F. Supp. 542 (W.D.S.C. 1962).

4. All the insurance contracts discussed, including the one at bar, have a "no action" clause which prohibits "any person or organization (from joining) . . . the company as a co-defendant in any action against the insured to determine the insured's liability."

or non-liability of plaintiff on the insurance policy. The cross-claims are for damages resulting from the accident alleged. Thus, the claims in the cross-claims did not arise out of the transaction or occurrence that is the subject matter of the original action. The claims in the cross-claims did, however, arise out of the transaction or occurrence that is the subject matter of the counterclaims filed herein. There being no claims or allegations of diversity of citizenship or other independent ground of jurisdiction of this Court over the cross-claims, the only basis on which they may be maintained in this Court is that they arose out of the transaction or occurrence that is the subject matter of the counterclaims.

"The Court has held, supra, that the counterclaims cannot be brought. The counterclaims no longer being in the case, the cross-claims, jurisdiction over which is based on their arising out of the transaction or occurrence that is the subject matter of the counterclaims, cannot be maintained, the Court no longer having jurisdiction over them. This Court is of the opinion that, although the general rule is that jurisdiction, once having attached, will not be divested by subsequent events, that rule should not apply in this case. As was said in Hoosier Cas. Co. of Indianapolis, Ind. v. Fox (1952) D.C.Iowa, 102 F.Supp. 214, at page 225, referring to the Declaratory Judgments Act:

" 'It has been frequently stated that the Act should not be used to drag into the federal courts the litigation of claims between citizens of the same states.' Citing cases.

"For example, there is a line of cases involving the removal of cases to the Federal Courts from State Courts holding that, after removal, the plaintiff may amend his complaint resulting in the destruction of jurisdiction. Pacific Gas & Electric Co. v. Fibreboard Products, Inc. (1953), D.C.Cal., 116 F.Supp. 377, holds to the contrary, on the authority of Saint Paul Mercury Indemnity Co. v. Red Cab Company, (1938), 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. However, the District Court in that case states that the Supreme Court indicated that that can be done if there is no prejudice to the defendants. There is more reason in the case at bar that the general rule as to divesting of jurisdiction by subsequent events should not apply because the subsequent event in this case is a ruling by the Court resulting in the counterclaim's no longer being in the action. Furthermore, such destruction of jurisdiction does not result in any prejudice to any of the defendants. The only issue brought into this Court by the plaintiff is its liability or non-liability on the policy. The defendants were brought into this Court for the purpose of litigating that issue. None of them is prejudiced by being prevented from litigating in this Court issues brought in by them which are entirely different from the original issue and which they originally could not have brought into this Court. This is not a situation where, as it was in the Pacific Gas & Electric Co. and the Saint Paul Mercury Indemnity Co. cases, any supposed rights of defendants are 'subject to the plaintiff's caprice.' "

True, the case just quoted has been criticized by eminent authority, see Barron & Holtzoff (Wright Ed.) § 1269, n. 89.5a, but it seems to be the best rule when one considers that but for the insurance company's Declaratory Judgment action, there would be no basis for Hood to be in this Court. Cf. WRIGHT ON FEDERAL COURTS (1963) § 80, p. 307.

Certainly this Court has no quarrel with the proposition that courts do not favor the piecemeal disposition of litigation. But now that it has been determined that the liability issue must be litigated separately from the insurance coverage issue, there is no valid basis to allow the cross-claims to remain in this court as there is no diversity of citizenship. Globe Indemnity Co. v. Teixeira, supra; Hoosier Cas. Co. of Indianapolis, Ind. v. Fox, supra.

For the reasons given, Hood's counter-claim is dismissed and his cross-claims will be similarly treated, without prejudice to his rights in the State Court.

The question arising. from the motion for a Declaratory Judgment as to coverage not having been argued, no opinion is expressed thereon.

Costs will not be taxed.

And it is so ordered.