ALLSTATE INSURANCE COMPANY,
Plaintiff,

v.

Alberta D. DANIELS, Bernard Daniels,
Mimi Daniels, Saint Anthony Hospital,
and Cindy D. Phelps, Defendants.

No. CIV–78–0427–D.

United States District Court,
W. D. Oklahoma.

Sept. 21, 1978.

Kenneth R. Webster, Oklahoma City, Okl., for plaintiff.

Alex Cheek and John Cheek, Howard K. Berry, Jr., Oklahoma City, Okl., for defendants Daniels.

Richard A. Procter, William S. Murphy, Jr., Oklahoma City, Okl., for defendant Phelps.

Lynn J. Bullis, Jr., Oklahoma City, Okl., for defendant Saint Anthony Hospital.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff Allstate Insurance Company (Allstate) brings this action for declaratory relief in connection with an automobile liability insurance policy Allstate issued to Gene C. Victory on a 1972 Pontiac Grand Prix. Said vehicle, while operated by Cindy D. Phelps, was involved in a two-vehicle accident in Oklahoma City, Oklahoma on July 3, 1977. The other automobile involved in the accident was operated by Alberta D. Daniels who, along with two passengers in her vehicle, Bernard Daniels and Mimi Daniels, was injured in the accident.

Allstate has filed the instant action under 28 U.S.C. §§ 2201 and 2202 seeking a determination that the policy it issued to Victory does not afford coverage to Phelps for any claims made as a result of the accident involved herein. Allstate alleges that claims arising out of the accident are being made against it by the above named Daniels for their alleged personal injuries and by Chrysler Credit Corporation for property damage to the Daniels vehicle, and that a lien has been filed by Saint Anthony Hospital for medical treatment it rendered to the Daniels. Allstate claims that Phelps has no rights under the policy in question and is not an insured thereunder as she was not operating the insured vehicle with the permission of Gene Victory, the named insured. Allstate names as Defendants herein Alberta D. Daniels, Bernard Daniels, Mimi Daniels, Chrysler Credit Corporation,[1] Saint Anthony Hospital and Cindy D. Phelps. It is asserted that this Court has jurisdiction of the action by reason of diversity of citizenship and amount in controversy.

The Daniels have filed a cross-claim against co-Defendant Phelps alleging that the accident involved herein was caused by the negligence of Phelps and seeking damages for their injuries sustained in the accident.

The matter is now before the Court for consideration of a Motion for Joinder of Additional Parties filed by Defendant Alberta Daniels, a Motion to Add Party filed by Defendants Bernard Daniels and Mimi Daniels and a Supplemental Motion to Add Party filed by Defendants Alberta Daniels, Bernard Daniels and Mimi Daniels. Allstate has filed a response to the motion of Alberta Daniels and both Allstate and Alberta Daniels have filed a brief in support of their respective contentions. The Court has not called for a response from Allstate to the motion of Bernard Daniels and Mimi Daniels or the supplemental motion of all three Daniels. The Court rules on these motions as follows:

## MOTION OF ALBERTA DANIELS

Pursuant to Rule 19, Federal Rules of Civil Procedure, Alberta Daniels moves the Court to order the joinder of Gene C. Victory, the named insured on the insurance policy in question, and David A. Victory, an additional insured under said policy, as additional parties defendant in this action "for the purpose of pursuing the Allstate duties and obligations toward them and as Third Party Defendants to respond to their duties and obligations to the movant herein." She contends that the joinder of the Victorys is needed for a just adjudication of all the rights and duties involved in this action and to avoid a substantial risk of the parties herein incurring double, multiple or inconsistent obligations by reason of subsequent suits. She asserts that the Victorys' contractual rights under the insurance policy are being adjudged in this action without the Victorys receiving their day in court and that the judgment in this action would affect their vulnerability to liability and damages arising out of the accident giving rise to this litigation.

In its response to Alberta Daniels' motion, Allstate contends that the same should be denied. It admits that the policy in

---

1. After Plaintiff commenced this litigation, Plaintiff and Chrysler Credit Corporation filed a Mutual Stipulation and Dismissal Without Prejudice. Pursuant to the same, this Court on August 15, 1978 entered an Order of Dismissal wherein the instant action was dismissed as to Chrysler Credit Corporation.

question covers the Victorys insofar as this accident is concerned and argues that the instant action only litigates the question of whether Defendant Phelps is an insured under Allstate's policy. Allstate asserts that any claims that the Defendants have against the Victorys or the Victorys' rights under the policy are not in issue in this case. It claims that the Victorys are not necessary or indispensable parties and that to join them in this suit would clutter the case with unnecessary parties.

■ The Court notes that the instant motion mentions joining the Victorys to this action "as Third Party Defendants." This is incorrect procedure. Accordingly, to the extent the motion seeks to bring the Victorys into this suit as third party defendants, the motion is denied as not having been made in compliance with Rule 14, Federal Rules of Civil Procedure.

■ There are no special provisions detailing parties needed for a just adjudication in declaratory actions. General principles of joinder control. *State Farm Mutual Automobile Insurance Co. v. Mid-Continent Casualty Co.*, 518 F.2d 292 (10th Cir. 1975); 6A Moore, *Federal Practice* ¶ 57.25, at 57–253 (1974).

Rule 19, Federal Rules of Civil Procedure, sets forth the test for determining the indispensability of parties to a declaratory judgment suit. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *State Farm Mutual Automobile Insurance Co. v. Mid-Continent Casualty Co., supra.* That Rule, which defines those persons who should be joined as parties to an action, provides in pertinent part:

(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

■ From an examination of the motion and briefs filed herein, the Court finds that the interest of the Victorys in the instant litigation is not sufficient to satisfy any of the tests set out in Rule 19(a).

Rule 19(a)(1) is designed to protect persons who are parties by requiring the presence of all persons who have an interest in the litigation so that any relief which may be awarded will effectively and completely adjudicate the dispute. *E. g., Illinois Brick Co. v. State of Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977); 7 Wright & Miller, *Federal Practice and Procedure*: Civil § 1604, at 36 (1972). Allstate brings this action for a declaratory judgment of the rights and liabilities of Allstate and Phelps under the particular insurance policy involved. Both of the parties whose rights and liabilities are to be determined herein are presently parties in this action. There is no need for the Court to join the Victorys in this action in order for complete relief to be accorded between the parties in this case.

As a prerequisite to being joined in this action if feasible under Rule 19(a)(2), the Victorys must claim an interest relating to the subject of the action. The Court is unable to ascertain any interest those persons have in this litigation. Moreover, even assuming *arguendo* that the Victorys have a Rule 19(a)(2) interest in this litigation, the Court concludes that they are not conditionally necessary parties in this case as they do not come within either Rule 19(a)(2)(i) or (ii).

Rule 19(a)(2)(i) is designed to protect persons whose joinder is in question against the practical prejudice which may arise through a disposition of the case in their absence. As a practical matter, a determination in this case would not impair or impede the Victorys' ability to protect their

interests. The declaratory judgment would not be res judicata as to the Victorys, who are nonparties. *State Farm Mutual Automobile Insurance Co. v. Mid-Continent Casualty Co., supra.*

Rule 19(a)(2)(ii) recognizes the need for considering whether a party may be left, after an adjudication, in a position where a person not joined can subject him to a double or otherwise inconsistent liability. The pending action is one for declaratory judgment of the obligations of Allstate with respect to a specified insurance policy. The Court's determination will completely and effectively adjudicate the dispute between the parties herein and will establish their respective rights and liabilities under the policy in question. Consequently, the Court finds that there is not a substantial risk of inconsistent obligations resulting from subsequent litigation.

In view of the foregoing, the Court finds that Gene Victory and David Victory are not necessary or indispensable parties to this action. *See generally, Provident Tradesmens Bank & Trust Co. v. Patterson, supra; State Farm Mutual Automobile Insurance Co. v. Mid-Continent Casualty Co., supra; Northwest Casualty Co. v. Kirkman,* 119 F.Supp. 828 (M.D.N.C.1954); 7 Wright & Miller, *Federal Practice and Procedure :* Civil § 1619, at 194 (1972); Annot., Insured as Indispensable or Necessary Party in Federal Court Action Between His Liability Insurer and Actual or Potential Tort-Claimants, 8 A.L.R.Fed. 738, § 4[b] (1971).

Accordingly, the Motion for Joinder of Additional Parties filed herein by Defendant Alberta Daniels is overruled.

## MOTION OF BERNARD DANIELS AND MIMI DANIELS AND SUPPLEMENTAL MOTION OF ALBERTA DANIELS, BERNARD DANIELS AND MIMI DANIELS

Pursuant to Rule 19(a)(1), Federal Rules of Civil Procedure, the Daniels move the Court to join David Alan Victory as a Cross-Claim Defendant in this action. The Daniels have filed herein an Amended Cross Claims [sic] wherein they allege that the accident giving rise to Allstate's original action was caused by Cross-Claim Defendant Phelps' negligent operation of the vehicle she was driving. The Daniels have filed the instant motions seeking to join Victory, the owner of the vehicle operated by Phelps, as an additional Cross-Claim Defendant pursuant to Rule 13(h), Federal Rules of Civil Procedure. Movants allege that Victory was negligent in entrusting his vehicle to Phelps and seek to join him as an additional Cross-Claim Defendant on the basis that in his absence complete relief cannot be accorded among those already parties.

As the Court *sua sponte* finds that it lacks jurisdiction over the Amended Cross-Claim being asserted in this case by the Daniels, the instant motions seeking to join Victory as an Additional Cross-Claim Defendant should be overruled.

Though no motion has been made to dismiss the Amended Cross-Claim, this Court can interpose its lack of jurisdiction on its own motion. Rule 12(h)(3), Federal Rules of Civil Procedure; *American Fidelity Fire Insurance Co. v. Hood,* 37 F.R.D. 17 (E.D.S.C.1965); . *Globe Indemnity Co. v. Teixeira,* 230 F.Supp. 444 (D.Hawaii 1963); 5 Wright & Miller, *Federal Practice and Procedure :* Civil § 1393 (1969).

The pleading of a Cross-Claim against a co-party is governed by Rule 13(g), Federal Rules · of Civil Procedure, which provides:

(g) *Cross-Claim Against Co-Party.* A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Although several tests have been used by the courts, the logical relationship test, that is, whether the cross-claim involves many of the same factual and legal issues present in the main action, generally has been accepted as the standard for deter-

 

mining whether there is a properly assertable cross-claim. *See* 6 Wright & Miller, *Federal Practice and Procedure*: Civil § 1432, at 171 (1971).

 Allstate's original action involves an insurance coverage question as to the liability or nonliability of Allstate under the insurance policy. The Daniels' cross-claim is for damages resulting from the accident alleged and presents a negligence claim, independent of insurance coverage. The original action is not concerned with whether or not negligence was committed in the accident which resulted in injuries to the Daniels or the amount of their damages or any defenses raised to the Daniels' claims. The cross-claim is not, and under Oklahoma law cannot be, concerned with whether there is insurance protection for the Cross-Claim Defendants. Thus, the claims in the Daniels' Amended Cross-Claim did not arise out of the transaction or occurrence that is the subject matter of the original action [2] nor do they relate to any property that is the subject matter of the original action. It cannot be said that the issues of fact necessary to determine the legal questions present in both the original action and the cross-claim are identical. *See Oquendo v. Monsanto Co.*, 59 F.R.D. 152 (N.D.Ill.1973); *Fireman's Fund Insurance Co. v. Trobaugh*, 52 F.R.D. 31 (W.D.Okl.1971); *American Fidelity Fire Insurance Co. v. Hood, supra; Globe Indemnity Co. v. Teixeira, supra; Hoosier Cas. Co. v. Fox*, 102 F.Supp. 214 (N.D.Iowa 1952). These cases generally hold that liability under an insurance policy and liability for negligence are two separate transactions and a cross-claim under Rule 13(g) is not permissible.[3] A general relevancy between the original action and the cross-claim is not enough to satisfy Rule 13(g). There must be present the same transaction or occurrence as set forth in the Rule or identical issues. *See Fireman's*

*Fund Insurance Co. v. Trobaugh, supra,* 52 F.R.D. at 33 n. 2.

For the foregoing reasons, the Court declines to allow the Daniels' Amended Cross-Claim. Said pleading is hereby dismissed. And, accordingly, the Daniels' Motion to Add Party and Supplemental Motion to Add Party are denied.

It is so ordered.

---

**2.** *See* Borchard, *Declaratory Judgments,* at 652 (2nd ed. 1941):

"[T]he liability under the policy and the liability for negligence are indeed two separate transactions."

**3.** *Cf. Collier v. Harvey,* 179 F.2d 664 (10th Cir. 1949); *Plains Insurance Co. v. Sandoval,* 35 F.R.D. 293 (D.Colo.1964); *Allstate Insurance*

*Co. v. Smith,* 169 F.Supp. 374 (E.D.Mich.1959); *United States Fidelity & Guaranty Co. v. Janich,* 3 F.R.D. 16 (S.D.Cal.1943). *See generally,* 6A Moore's *Federal Practice* ¶ 57.25 at 57–261 (1974); 6 Wright & Miller, *Federal Practice and Procedure*: Civil § 1432, at 171–72 (1971); 10 Wright & Miller, *Federal Practice and Procedure,* § 2768, at 858–59 (1973).