ST. PAUL FIRE AND MARINE INSURANCE CO., a foreign corporation, Plaintiff,

v.

Larry MANNIE and Lyle Mannie, Defendants.

No. A2–81–78.

United States District Court, D. North Dakota, Northeastern Division.

Aug. 19, 1981.

Gerald J. Haga, Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Grand Forks, N.D., for plaintiff.

J. Thomas Traynor, Jr., Traynor, Rutten & Traynor, Devils Lake, N.D., for defendants.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

Plaintiff St. Paul Fire and Marine Insurance Company has brought this action under 28 U.S.C. § 2201 seeking a declaration of the coverage provided by policy # 182GD5894, a farm and ranch liability policy purchased from plaintiff by defendant Larry Mannie (insured). Lyle Mannie, the injured son of the insured, was joined as co-defendant in the suit. Plaintiff is a Minnesota corporation with its principal place of business in Minnesota, defendant Larry Mannie is a resident of North Dakota, co-defendant Lyle Mannie is a resident of either North Dakota or Oregon and the amount in controversy exceeds $10,000. The court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff alleges the insured purchased the insurance policy in issue on November 8, 1979. The policy provides liability coverage in the amount of $100,000 per occurrence and personal medical payments of $1,000 per person per occurrence. On June 14, 1980, Lyle Mannie was injured when he was bucked off a horse owned by the insured. The insured demanded payment under the policy. Plaintiff refuses to pay the insured, contending Lyle Mannie's injury is not covered by the policy as it was allegedly incurred while Lyle was employed by Larry and regularly residing on the insured's premises; thus coverage was excluded by the terms of the policy.[1]

Defendants deny these allegations and request a jury trial. In addition, Lyle Mannie has counterclaimed against plaintiff alleging Larry Mannie was negligent in failing to warn Lyle of the alleged dangerous condition of the horse and seeking full payment directly from plaintiff under the insurance policy in the amount of the policy limits. The matter is now before the court on plaintiff's motion to dismiss the counterclaim.

Plaintiff cites the following "no action" clause set out in the insurance policy:

ACTION AGAINST COMPANY. No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this Coverage Form, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this Coverage Form to the extent of the insurance afforded by this Coverage Form. No person or organization shall have any right under this Coverage Form to join the Company as a party to any action against the Insured to determine the Insured's liability, nor shall the Company be impleaded by the Insured or his legal representative. Bankruptcy or insolvency of the Insured or of the Insured's estate shall not relieve the Company of any of its obligations hereunder.

---

1. Under the terms of the insurance policy, if Lyle Mannie "regularly resided" on the insured's premises at the time of the accident, he would be excluded from coverage under the $1,000 personal medical payments section. *See* policy at II Coverage B—Personal Medical Payments—Exclusions (d). If Lyle Mannie was employed by the insured at the time of the accident, he would be excluded from coverage under the $100,000 each occurrence personal liability section. *See* policy at I Coverage A—Personal Liability—Exclusions (d).

Plaintiff contends this "no action" clause precludes Lyle Mannie from bringing a direct action (by way of counterclaim) against it, and further that North Dakota law does not authorize direct actions against insurance companies. *Shermoen v. Lindsay*, 163 N.W.2d 738, 745 (N.D. 1968). *Shermoen* holds the purpose of the rule against such direct actions is to prevent "undue jury liberality in a negligence suit where the carrier is joined as a defendant." *Id.* at 744. In the absence of a "direct action" statute, the court must look to the terms of the insurance contract, specifically the "no action" clause. *Id.*[2]

Defendant Lyle Mannie asserts plaintiff waived its right to protection under the North Dakota case law and rule by bringing an action against both the insured and the injured. Lyle Mannie also urges that joint consideration of both claims furthers the interests of judicial economy through disposing of all claims in one action and avoiding multiplicity of suits. *See Plains Insurance Company v. Sandoval*, 35 F.R.D. 293, 296 (D. Colo. 1964); *Allstate Insurance Company v. Smith*, 169 F.Supp. 374, 376 E.D. Mich. 1959).

 The court disagrees with defendant's assertions. Rule 13(a) Fed.R.Civ.P. requires the pleader to state as a compulsory counterclaim any claim arising "out of the transaction or occurrence that is the subject matter of the opposing party's claim. . . ." *Id.* The terms of the policy and their application to a given set of facts is a question entirely separate from the question of Larry Mannie's alleged negligence in allowing Lyle Mannie to ride his horse. In the pending declaratory judgment action, "[t]he liability under the policy and the liability for negligence are indeed two separate transactions." E. Borchard, Declaratory Judgments 652 (2d Ed. 1941). Joinder of the separate issues of the alleged negligence of defendant Larry Mannie and the alleged liability coverage of the plaintiff insurer is in derogation of North Dakota law. *Shermoen v. Lindsay, supra.* The court adopts the emerging majority rule which disallows joinder of a negligence claim against the insurer in a declaratory judgment action where the forum state does not allow direct actions against insurers.[3]

IT IS ORDERED plaintiff's motion to dismiss defendant's counterclaim is granted.

**2.** Rule 18 of N.D.R.Civ.P. relating to joinder of claims and remedies, allows the joinder of two claims in one action, even though the second claim will not be cognizable until the first claim has been prosecuted to a conclusion. However, the rule "shall not be applied in tort cases so as to permit the joinder of a liability or indemnity insurance carrier, unless such carrier is by law or contract directly liable to the person injured or damaged." N.D.R.Civ.P. 18(b). The court need not decide whether this facially procedural rule is binding on the federal court in diversity cases. *See Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *Cf. Hoosier Casualty Company v. Fox*, 102 F.Supp. 214, 222–23 (N.D. Iowa 1952) (holding a similar rule substantive law for diversity purposes).

**3.** This majority view is set out in the following cases: *Allstate Insurance Company v. Daniels*, 87 F.R.D. 1 (W.D.Okla.1978); *Aetna Insurance Company v. Pennsylvania Manufacturers Association Insurance Company*, 456 F.Supp. 627 (E.D.Pa. 1978); *Fireman's Fund Insurance Company v. Trobaugh*, 52 F.R.D. 31 (W.D.Okla. 1971); *American Fidelity Fire Insurance Company v. Hood*, 37 F.R.D. 17 (E.D.S.C. 1965); *Globe Indemnity Company v. Teixeira*, 230 F.Supp. 444 (D. Hawaii 1963); *Hoosier Casualty Company of Indianapolis, Inc. v. Fox*, 102 F.Supp. 214 (N.D. Iowa 1952). *Contra, Plains Insurance Company v. Sandoval*, 35 F.R.D. 293 (D.Colo. 1964); *Allstate Insurance Company v. Smith*, 169 F.Supp. 374 (E.D.Mich. 1959), *mandamus denied, Allstate Insurance Company v. United States District Court for E.D. Mich.*, 264 F.2d 38 (6th Cir. 1959); *United States Fidelity & Guaranty Company v. Janich*, 3 F.R.D. 16 (S.D.Cal. 1943).