**Michael WEISS and Blanche G. Weiss**

v.

**ADVEST, INC. and the United States Trust Company of New York**

v.

**Jacqueline CUSHMAN, Ronald G. Beard and Mobile Home Materials.**

Civ. A. No. 82–4049.

United States District Court, E.D. Pennsylvania.

Aug. 30, 1984.

---

See also, 607 F.Supp. 803.

Arthur L. Pressman, Philadelphia, Pa., for Weiss.

Guy A. Cellucci, Philadelphia, Pa., for Advest.

Hayt, Hayt & Landau, Philadelphia, Pa., Clifford J. Chu, Great Neck, N.Y., Scudder G. Stevens, Philadelphia, Pa., of counsel.

Jonathan Wheeler, Philadelphia, Pa., for Cushman.

P. Joseph Pascoff, Detroit, Mich., for Mobile Home Materials.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This action is brought by Michael and Blanche Weiss against defendants Advest, Inc., an investment company, and United States Trust Company of New York (U.S. Trust), a bank. The plaintiffs, customers of Advest, requested that Advest issue three checks totaling $85,000, which were to be charged against their account with Advest and drawn on Advest's account maintained at U.S. Trust. The checks were issued on September 26, 1980 and made payable to Mobile Home Materials (MHM) and Ronald G. Beard, whom Advest has joined as third-party defendants. The checks were to be used to pay for two show horses which the plaintiffs' daughter, Jacqueline Cushman, sought to purchase from MHM and Beard. Advest has also joined Ms. Cushman as a third-party defendant.

On March 6, 1984, this Court entered an order, with an accompanying memorandum, denying Advest's motion for summary judgment, denying Ms. Cushman's motion to dismiss Advest's third-party complaint against her; granting Beard's motion for summary judgment on the claims in Advest's third-party complaint against him; and denying MHM's motion to dismiss Advest's third-party complaint against it, without prejudice to the filing of a motion for summary judgment on the claims in the third-party complaint. MHM's motion for summary judgment is now before the Court. Ms. Cushman has answered Advest's third-party complaint and cross-claimed against MHM; MHM has moved to dismiss this cross-claim. Ms. Cushman has moved to separate the trial of her cross-claim from the trial of the plaintiffs' claim against the defendants. Finally, U.S. Trust has moved for summary judgment on the plaintiffs' claims and on Advest's cross-claim. For the reasons which follow, MHM's motion for summary judgment on the claims in Advest's third-party complaint will be granted; MHM's motion to dismiss Ms. Cushman's cross-claim will be granted and Ms. Cushman's motion for a separate trial of her cross-claim will be dismissed; and U.S. Trust's motion for summary judgment will be denied.

*MHM's Motion for Summary Judgment*

■ As set forth in this Court's March 6 memorandum at 8, the allegations in Advest's third-party complaint that MHM received $30,000 upon resale of the horses in addition to the $75,000 it received from the checks drawn on the plaintiffs' account as proceeds from the sale of the horses to Ms. Cushman, and that Advest would be entitled to the $30,000 as subrogees of the plaintiffs in the event Advest is held liable to the plaintiffs, are sufficient to survive a motion to dismiss. MHM's motion for summary judgment sets forth the affidavit of its president, Harry Nederlander, and portions of the depositions of Ms. Cushman and Ms. Weiss. Ms. Weiss states that following the sale of the horses to Ms. Cushman, the Weisses, who loaned the money used for the sale, obtained possession of the horses, which were resold through the Weiss' attorney. The Weisses received about $38,000 as the proceeds of this resale. Ms. Cushman's deposition affirms that her parents received the proceeds of the resale. Mr. Nederlander avers that

MHM received $75,000 as the proceeds of the sale to Ms. Cushman, but received no further sums, and was not involved in any resale of the horses. Advest has not pointed to any evidentiary material of record to contradict these assertions, and this Court's review of the summary judgment record discloses that there is no genuine issue as to the fact that MHM did not receive any proceeds from the resale of the horses.

Advest has responded to MHM's motion to dismiss by pointing to a statement in Ms. Cushman's deposition which Advest contends raises genuine issues of fact as to whether MHM's contract with Ms. Cushman to sell the horses was valid. The validity or invalidity of the contract between Ms. Cushman and MHM are not material facts in connection with the claims set forth by Advest in its amended third-party complaint against MHM. Advest has not alleged in its amended third-party complaint any basis for a subrogation claim against MHM other than its allegation that MHM improperly received $30,000 from the resale of the horses. With respect to the claims asserted in the amended third-party complaint, the material facts of record as to which there are no genuine issues establish that MHM is entitled to judgment as a matter of law. Accordingly, MHM's motion for summary judgment on the claims asserted against it in Advest's third-party complaint will be granted.

### MHM's Motion to Dismiss Ms. Cushman's Cross-Claim

Ms. Cushman's answer to Advest's third-party claim against her alleges that she was induced to enter into the transaction to buy the horses by fraudulent misrepresentations and further alleges that she lacked the capacity to enter into the contract and was induced to enter into it through coercion and duress. She has also cross-claimed against MHM based on these allegations. MHM has moved to dismiss this cross-claim. Because the cross-claim is not proper under Fed.R.Civ.P. 13(g), the motion to dismiss will be granted.

Rule 13(g) permits a cross-claim "by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action."

Ms. Cushman's cross-claim is not one relating to property which is the subject matter of the original action; it is a claim relating to a contract. Hence, it is permissible under Rule 13(g) only if it arises "out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein." A cross-claim arises out of the same transaction or occurrence as another claim if it bears a logical relationship to that claim. *Jefferson Standard Insurance Co. v. Craven*, 365 F.Supp. 861, 867 (M.D.Pa.1973); *See* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1432 at 171 (1971). A logical relationship exists where trial on the claims separately would involve a substantial duplication of time and effort by the parties and the courts because the claims involve many of the same factual or legal issues. *Id.; See Great Lakes Rubber Corp. v. Herbert Cooper Co., Inc.*, 286 F.2d 631, 634 (3d Cir.1961). If the factual or legal issues are not the same or closely related, a cross-claim is not permissible. *Allstate Insurance Co. v. Daniels*, 87 F.R.D. 1, 5 (W.D. Okla.1978).

The plaintiffs' claims seek damages for the failure of Advest and U.S. Trust to complete a stop payment order. The plaintiffs have at no time challenged the validity of Ms. Cushman's contract with MHM; nor, indeed, have they alleged that it has any relevance to their claim. Ms. Cushman's motion for a separate trial pursuant to Fed.R.Civ.P. 42(b) admits that the trial of the plaintiffs' claims involves factual and legal issues separate from those of the cross-claim. The motion also states that the proof required to support the allegations of the cross-claim is "separate and distinct" from the proof required by trial of the plaintiffs' claims and that the issues of the "existence, effect or enforceability" of the contract to buy the horses which under-

lie the cross-claim are only "indirectly and hypothetically connected to the principal cause of action." Moreover, the issues of the existence and enforceability of Ms. Cushman's contract with MHM are not relevant to the validity of Ms. Cushman's debt obligation to the plaintiffs, which would form the basis of the subrogation claim by Advest in the event Advest is found liable to the plaintiffs. In the event Advest is subrogated to the plaintiffs' right to recover their loan to Ms. Cushman, the issue of the validity of the contract for the purchase of the horses would not be relevant. For the reasons stated above, Ms. Cushman's cross-claim will be dismissed, and the motion for a separate trial of the cross-claim will also be dismissed.

### U.S. Trust's Motion for Summary Judgment

U.S. Trust has filed a motion for summary judgment, contending that the undisputed facts of record show that it never received a stop payment request from Advest. Advest has responded with material from depositions and an affidavit from one of its employees, which Advest contends are sufficient to raise a genuine issue of material fact as to whether a stop payment order was transmitted from Advest to U.S. Trust. Based on depositions, affidavits and other evidentiary material of record, U.S. Trust has not carried its burden of showing that there is no genuine issue of material fact and that it is entitled to summary judgment on Advest's cross-claims and the plaintiffs' claims. U.S. Trust's motion for summary judgment will be denied.